## WATSON v. CUNNINGHAM.

*A.* and *B.* resident in this state being at *New-Orleans*, the latter sued the former there on his indorsement of a note, which the maker had failed to pay when due. On being served with process, *A.* paid the money, and after his return sued *B.* in order to recover it back. *Held*, that he had no right of action.

ERROR to the *Harrison* Circuit Court.

SCOTT, J.—*Davis* made a note payable to *Cunningham*, the present defendant; which note was indorsed by *Cunningham* to the plaintiff, *Watson*. *Davis* failed to pay the money when due. *Watson* brought suit in the city of *New-Orleans* against *Cunningham*, who, on being served with process, paid the amount without resisting the claim of *Watson*, and on his return brought suit in the Circuit Court to recover back the money thus paid; alleging that it was paid through mistake and ignorance, and that an undue advantage had been taken of his situation. By a bill of exceptions, incorporated with the record, we are informed that the plaintiff in the Circuit Court gave evidence of the existence of the note given by *Davis* to *Cunningham;* of the transfer by *Cunningham* to *Watson* before the note became due; of the commencement of a suit by *Watson* against *Cunningham* at the city of *New-Orleans*, better than two years after the note was made payable; of the payment by *Cunningham* without resistance; that the parties reside in this state, except *Davis* who resides in the low country; and that no attempt had ever been made to recover the amount of the note by a suit at law against *Davis*. On this evidence the jury found for the plaintiff. The defendant then moved for a new trial, which the Court refused and gave judgment on the verdict.

We are not informed where the note was executed, where

41

Nov. Term, the indorsement was made, or what was the law of the state of
1824.     *Louisiana* on the subject of negotiable paper. But, be that as it
───────── may, we are clearly of opinion that the evidence in this case was
JONES     not sufficient to entitle the plaintiff to a verdict If, on the fail-
v.        ure of the maker of the note to pay the amount at the time stipu-
BUNTIN.   lated, the indorser became liable, *Cunningham* could have no
pretext for bringing this action. If, on the other hand, the in-
dorsee, in order to have recourse against the indorser, was bound
to use due diligence by a suit at law against the maker, still, as
he thought proper to settle the matter with *Watson* without re-
sistance, he had a right to do so. He could take up the note and
look to the maker for payment, but could have no colour of claim
to recover the money back by an action against the indorsee.
The verdict is unsupported by evidence, and a new trial ought
to have been granted.

    *Per Curiam.*—The judgment is reversed, and the verdict set
aside, with costs. Cause remanded, &c.

    *Moore* and *Payne*, for the plaintiff.
    *Nelson*, for the defendant.